UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X   Index No.: 06CV5629

ONE BEACON INSURANCE COMPANY
a/s/o Applied Building Development of New York, Inc.   **COMPLAINT**

                Plaintiff,

                                                **JURY TRIAL
DEMANDED**

    -against-

COMBINED ENERGY SERVICES, INC.

                Defendant.
----------------------------------------X

       Plaintiff, ONE BEACON INSURANCE COMPANY a/s/o Applied Building Development of New York, Inc., by and through its attorneys SHEPS LAW GROUP, P.C. complaining of the defendant, COMBINED ENERGY SERVICES, INC., alleges upon information and belief that at all times hereinafter mentioned:

**The Parties**

    1.    Plaintiff, ONE BEACON INSURANCE COMPANY was and is a corporation organized and existing under the laws of the State of Massachusetts, having its principle place of business located at One Beacon Street, Boston, Massachusetts, and was at all times material hereto, authorized to issue policies of insurance in the State of New York. Plaintiff was a citizen of the State of Massachusetts.

    2.    At all times pertinent hereto, plaintiff provided coverage to its insured, Applied Building Development of New York, Inc. (hereinafter "insured"), under a policy of insurance for the personal and real property that he owned and/or occupied at 129 Winding Brook Court, New Windsor, New York 12553 ("the premises"). At all

times hereinafter relevant, the plaintiff's insured owned and/or was developing the subject premises.

3. Defendant, COMBINED ENERGY SERVICES, INC. (hereinafter, "COMBINED") is upon information and belief, a corporation duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 216 East Broadway, Monticello, New York 12701 and was in the business of manufacturing heaters.

4. At all times relevant hereinafter, COMBINED, was in the business of home heating system service, maintenance and propane delivery in the local Orange County New York geographic area.

5. At all times relevant hereinafter, COMBINED, was hired to maintain, service, supply and inspect the propane tanks located at premises occupied by plaintiff's insured located at 129 Winding Brook Court, New Windsor, New York 12553.

6. Upon information and belief, defendant, COMBINED, installed, maintained, service and/or certified as safe the propane tanks located at the above premises.

## Jurisdiction

7. The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C.A §1332, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Venue is properly laid in this judicial district on the basis of the place of occurrence.

## The Loss

8. Upon information and belief, prior to December 15, 2005, a the propane tanks located at the subject premises were maintained, serviced, inspected and certified as safe by the defendant, COMBINED, as the said defendant was the company responsible for propane delivery and service at the premises.

9. On December 15, 2005, a fire originated as a result of defects and/ or deterioration of the propane tanks in the premises occupied by plaintiff's insured causing severe and substantial damage to plaintiff's insured's property, in excess of ONE HUNDRED TWENTY THOUSAND DOLLARS ($120,000.00).

10. Plaintiff reimbursed these sums to its insured's pursuant to the aforementioned policy of insurance and is equitably and contractually subrogated to its insured rights.

## AS AND FOR A FIRST CAUSE OF ACTION AS TO DEFENDANT'S -NEGLIGENCE-

11. Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 10 inclusive.

12. The occurrence referred to in paragraph 8 and the consequent damages to the plaintiff's insured's property was proximately caused by the negligence, negligent per se, gross negligence, carelessness and negligent omissions of the defendant, its agents, servants, workmen and/or employees in:

(a) Improper maintenance, service, inspection and/ or repair of the propane tanks in the plaintiff's premises as to protect against fire;

(b) failing to hire competent servants, contractors, agents, employees and/or workmen to properly maintain, service, inspect and/ or repair the propane tanks and their related components in a manner as to prevent fire;

(c) failing to recognize the obvious hazard presented by the improper maintenance, service, inspection and/ or repair of propane tanks, specifically permitting the deterioration of the propane tanks to occur that defendant knew, or should have known, exposed plaintiff's insured's property was subject to an unreasonable risk of fire;

(d) retaining incompetent, agents, servants, workers, subcontractors, without the requisite skills and abilities to properly maintain, service, inspect and/ or repair the propane tanks at the premises in a safe manner as to prevent fire from occurring at the premises;

(e) failing to conduct a proper inspection to detect the hazards associated the continued use of propane tanks that were in a deteriorated state which defendant knew, or should have known, created an unreasonable risk of fire;

(f) failing to ensure that its agents, servants, contractors and/or workmen abided by applicable codes, ordinances, rules and regulations concerning a propane company's duty to safeguarding premises from fire.

(g) failing to do those things which were necessary to safe, preserve and protect the plaintiff's insured's property;

(h) otherwise failing to use due care and proper skill under the circumstances.

13. As a direct and proximate cause of the aforesaid negligence per se, negligence, carelessness, recklessness, gross negligence and negligent acts and omissions of the defendant and its representatives, agents, servants and/or employees, the fire referred to in paragraph 10 took place resulting in damage and destruction to the insured's property and loss to the plaintiff in the amount in excess of ONE HUNDRED TWENTY THOUSAND DOLLARS ($120,000.00) which sum was reimbursed by plaintiff.

**WHEREFORE**, plaintiff demands judgment in their favor and against the defendant in the amount in excess of ONE HUNDRED TWENTY THOUSAND DOLLARS ($120,000.00) together with interest, costs and attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION AS TO DEFENDANT'S
## -BREACH OF CONTRACT-

14. Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 13 inclusive.

15. For the reasons more particularly set forth in plaintiff's First Cause of Action, defendant and plaintiff's subrogor entered into a contract whereby defendants were obligated, among other things, to properly maintain, service, inspect, repair and protect the plaintiff's insured's property.

16. Defendants breached and/or violated its aforesaid contractual duties, as a result whereof defendant is liable to plaintiff, for all damages resulting from the aforesaid breaches and/or violations.

17. By the reason of the aforesaid breach of contract, the occurrence referred to above took place resulted in severe and extensive damage to the insured's property and a loss to the plaintiff in the amount in excess of ONE HUNDRED TWENTY THOUSAND DOLLARS ($120,000.00).

**WHEREFORE**, plaintiff demands judgment in their favor and against the defendant in the amount in excess ONE HUNDRED TWENTY THOUSAND DOLLARS ($120,000.00) together with interest, costs and attorney's fees.

Dated: Melville, New York
July 19, 2006

Respectfully submitted,

_____
SHEPS LAW GROUP P.C.
BY: ROBERT C. SHEPS
Attorney for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600
Our File No.: 6841

To:

COMBINED ENERGY SERVICES, INC.
216 East Broadway
P.O. Box 1388
Monticello, New York 12701