UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ONE BEACON INSURANCE COMPANY a/s/o
Applied Building Development of New York, Inc.,

                        **Plaintiff,**

     -against-                                  Docket #: 06 CV 5629

**COMBINED ENERGY SERVICES, INC.,**

                        **Defendant.**

-------------------------------------------------------------------X    **THIRD-PARTY**
**COMBINED ENERGY SERVICES, INC.,**               <u>**COMPLAINT**</u>

                    **Third-Party Plaintiff,**

     -against-

**SHUBACK DRYWALL and WILLIAM TRAVERS,**

                    **Third-Party Defendants.**
-------------------------------------------------------------------X

    The defendant/third-party plaintiff, **COMBINED ENERGY SERVICES, INC.**, by its attorneys, **LAW OFFICE OF THOMAS K. MOOR**E, as and for a third-party complaint against the above-named third-party defendants, **SHUBACK DRYWALL** and **WILLIAM TRAVERS**, alleges upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

    FIRST:     That at all times hereinafter mentioned, the third-party plaintiff, **COMBINED ENERGY SERVICES, INC.**, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

    SECOND:     That at all times hereinafter mentioned, the plaintiff's subrogor, Applied Building Development of New York, Inc., was the owner and builder of a

house under construction at the premises located at 129 Winding Brook Court, New Windsor, New York 12553.

    THIRD:    That at all times hereinafter mentioned, the third-party defendant, **SHUBACK DRYWALL**, (hereinafter referred to as "**SHUBACK**"), was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

    FOURTH:    That at all times hereinafter mentioned, the third-party defendant, **SHUBACK**, was and still is a foreign corporation authorized to do business in the State of New York and actually doing business within the State of New York.

    FIFTH:    That at all times hereinafter mentioned, the third-party defendant, **SHUBACK**, was and still is a partnership existing under and by virtue of the laws of the State of New York and having its business offices therein.

    SIXTH:    That at all times hereinafter mentioned, the third-party defendant, **SHUBACK**, was and still is a sole proprietorship duly authorized to do business in the State of New York.

    SEVENTH:    That at all times hereinafter mentioned, the third-party defendant, **SHUBACK**, was and still is licensed to do business within the State of New York.

    EIGHTH:    That at all times hereinafter mentioned, plaintiff's subrogee, **ONE BEACON INSURANCE COMPANY**, commenced a subrogation action against the defendant/third-party plaintiff, **COMBINED ENERGY SERVICES, INC**., to recover monies paid to the plaintiff, Applied Building Development of New York, Inc., under the terms of a policy of insurance for property damage allegedly sustained to the aforementioned premises.

NINTH: That it is alleged in the plaintiff's verified complaint, a copy of which is annexed hereto and made a part hereof, that on the 15th day of December, 2005, the plaintiff sustained damages in excess of $120,000.00 by a fire which allegedly occurred at the premises located at 129 Winding Brook Court, New Windsor, New York.

TENTH: Annexed hereto and made a part hereof is the answer of the third-party plaintiff as defendant to the complaint of the plaintiff.

ELEVENTH: That at or about the same time and place mentioned in the complaint of the plaintiff, the third-party defendant, **SHUBACK**, by act or omission violated the legal duty to exercise care to prevent damages to the plaintiff.

TWELFTH: That as a result of the negligence of the third-party defendant, the plaintiff sustained damages thereby.

THIRTEENTH: The negligence of the third-party defendant, **SHUBACK**, consisted of failing to take the necessary steps to prevent the fire and the infliction of damages to the plaintiff herein and/or in causing and creating the alleged fire by their own conduct and/or in failing to take the necessary safety precautions to avoid the occurrence herein and/or in providing a heater to **WILLIAM TRAVERS** without advising him that said heater had been recalled and/or in failing to advise **WILLIAM TRAVERS** not to place a heater on plywood and/or in improperly supervising **WILLIAM TRAVERS** in the use of a heater.

FOURTEENTH: That if plaintiff was caused to sustain damages as set forth in the plaintiff's complaint through any acts of commission or omission then the same was caused by the aforementioned acts of omission or commission by the third-party defendant, and if any judgment is recovered herein by the plaintiff against the defendant/third-party plaintiff, then the defendant/third-party plaintiff will be damaged thereby and the third-party defendant, SHUBACK, will be responsible therefore to indemnify the third-party plaintiff.

FIFTEENTH:  That be reason of the foregoing, the third-party defendant, **SHUBACK**, will be liable to the defendant/third-party plaintiff, in the event and in the full amount of a recovery herein by the plaintiff and the third-party defendant is bound to pay any and all attorneys fees and costs of litigation and disbursements.

### AS AND FOR A SECOND CAUSE OF ACTION

SIXTEENTH: The defendant/third-party plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "FIRST" through "FIFTEENTH" with the same force and effect as if herein set forth at length.

SEVENTEENTH:      That if the plaintiff was caused to sustain any damages as alleged in the plaintiff's complaint due to any negligence or carelessness other than the plaintiff's own negligence or carelessness, any such damages were occasioned by reason of the carelessness, recklessness and negligent acts both of omission and/or commission and by breach of duty both at common law and by statute by the third-party defendant, **SHUBACK**, and if there is any verdict or judgment recovered by the plaintiff against the defendant/third-party plaintiff, it will be damaged thereby and the third-party defendant will be liable to the third-party plaintiff in whole or in part, and will be bound to indemnify third-party plaintiff in whole or in part in the event of such a recovery, including contribution.

### AS AND FOR A THIRD CAUSE OF ACTION

EIGHTEENTH:      The defendant/third-party plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "FIRST" through "SEVENTEENTH" with the same force and effect as if herein set forth at length.

NINETEENTH: That at all times hereinafter mentioned, the third-party defendant, **WILLIAM TRAVERS**, was and still is a resident of the County of Orange, State of New York.

TWENTIETH: That at all times hereinafter mentioned, the third-party defendant, **WILLIAM TRAVERS**, was and still is a partnership existing under and by virtue of the laws of the State of New York and having its business offices therein.

TWENTY-FIRST: That at all times hereinafter mentioned, the third-party defendant, **WILLIAM TRAVERS**, was and still is a sole proprietorship duly authorized to do business in the State of New York.

TWENTY-SECOND: That at all times hereinafter mentioned, the third-party defendant, **WILLIAM TRAVERS**, was and still is licensed to do business within the State of New York.

TWENTY-THIRD: That at or about the same time and place mentioned in the complaint of the plaintiff, the third-party defendant, **WILLIAM TRAVERS**, by act or omission violated the legal duty to exercise care to prevent damages to the plaintiff.

TWENTY-FOURTH: That as a result of the negligence of the third-party defendant, **WILLIAM TRAVERS**, the plaintiff sustained damages thereby.

TWENTY-FIFTH: The negligence of the third-party defendant, **WILLIAM TRAVERS**, consisted of failing to take the necessary steps to prevent the fire and the infliction of damages to the plaintiff herein and/or in causing and creating the alleged fire by his own conduct and/or in failing to take the necessary safety precautions to avoid the occurrence herein and/or in placing a heater on plywood and/or in using a heater which had been recalled and/or in exercising poor judgment in performing his work and/or in failing to take the necessary precautions to avoid a fire from occurring.

TWENTY-SIXTH:   That if plaintiff was caused to sustain damages as set forth in the plaintiff's complaint through any acts of commission or omission then the same was caused by the aforementioned acts or omission of commission by the third-party defendant, and if any judgment is recovered herein by the plaintiff against the defendant/third-party plaintiff, then the defendant/third-party plaintiff will be damaged thereby and the third-party defendant, **WILLIAM TRAVERS**, will be responsible therefore to indemnify the third-party plaintiff.

TWENTY-SEVENTH:   That be reason of the foregoing, the third-party defendant, WILLIAM TRAVERS, will be liable to the defendant/third-party plaintiff, in the event and in the full amount of a recovery herein by the plaintiff and the third-party defendant is bound to pay any and all attorneys fees and costs of litigation and disbursements.

## AS AND FOR A FOURTH CAUSE OF ACTION

TWENTY-EIGHTH:   The defendant/third-party plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "FIRST" through "TWENTY-SEVENTH" with the same force and effect as if herein set forth at length.

TWENTY-NINTH:   That if the plaintiff was caused to sustain any damages as alleged in the plaintiff's complaint due to any negligence or carelessness other than the plaintiff's own negligence or carelessness, any such damages were occasioned by reason of the carelessness, recklessness and negligent acts both of omission and/or commission and by breach of duty both at common law and by statute by the third-party defendant, **WILLIAM TRAVERS**, and if there is any verdict or judgment recovered by the plaintiff against the defendant/third-party plaintiff, it will be damaged thereby and the third-party defendant will be liable to the third-party plaintiff in whole or in part, and will be bound to indemnify third-party plaintiff in whole or in part in the event of such a recovery, including contribution.

WHEREFORE, the defendant/third-party plaintiff, **COMBINED ENERGY SERVICES, INC**., demands judgment dismissing the plaintiff's complaint together with the costs and disbursements of this action, and in the event that the judgment is rendered against the defendant/third-party plaintiff, that it will have judgment over and against the third-party defendants in the same amount or in such proportionate amounts as the third-party defendants' acts and/or omissions contributed thereto, together with the costs and disbursements of this action.

Dated:   White Plains, New York
         June 2, 2008

_____
BY:   **RIK A. BACHMAN (4625)**
      **LAW OFFICE OF THOMAS K. MOORE**
      Attorneys for Defendant/Third-Party Plaintiff
      **COMBINED ENERGY SERVICES, INC**.
      701 Westchester Avenue, Suite 101W
      White Plains, New York 10604
      (914) 285-8500

TO:   **SHUBACK DRYWALL**
      Third-Party Defendant
      440 Black Meadow Road
      Chester, New York 10918

      **WILLIAM TRAVERS**
      Third-Party Defendant
      2241 Mount Hope Road
      Middletown, New York 10940

      **SHEPS LAW GROUP**
      Attorneys for Plaintiff
      35 Pinelawn Road, Suite 106E
      Melville, New York 11747
      (631) 249-5600

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK
COUNTY OF WESTCHESTER

    **GRACE RICCIO**, being duly sworn, deposes and says that deponent is a clerk in the **LAW OFFICE OF THOMAS K. MOORE**, attorneys for one of the parties herein: is over 18 years of age; is not a party to the action.  That deponent served the within


on          , 2008 upon the below named attorneys for the listed parties, by depositing a true copy of the same securely enclosed in a postpaid wrapper in the Letter Box maintained and exclusively controlled by the United States Postal Service at 701 Westchester Avenue, White Plains, New York 10604; directed to the said attorney(s) at the address indicated below; that being the address within the state designated by said attorney(s) for that purpose, or the place where said attorney(s) for that purpose, or the place where said attorney(s) then kept an office, between which places there then was and now is a regular communicated by mail as follows:

**SHEPS LAW GROUP**
35 Pinelawn Road, Suite 106E
Melville, New York 11747

**Shuback Drywall**
440 Black Meadow Road
Chester, New York 10918

**William Travers**
2241 Mount Hope Road
Middletown, New York 10940
      And
c/o Shuback Drywall
440 Black Meadow Road
Chester, New York 10918

                                      **GRACE RICCIO**

Sworn to before me this date



_____
**NOTARY PUBLIC**

---
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---

ONE BEACON INSURANCE COMPANY a/s/o
Applied Building Development of New York, Inc.,

                        Plaintiff,

        -against-                                Docket #: 06 CV 5629

COMBINED ENERGY SERVICES, INC.,

                        Defendant.
-----------------------------------------------------------------X
COMBINED ENERGY SERVICES, INC.,

                      Third-Party Plaintiff,

       -against-

SHUBACK DRYWALL and WILLIAM TRAVERS,

                   Third-Party Defendants.
---

**THIRD-PARTY SUMMONS and
THIRD-PARTY COMPLAINT**

---

# *LAW OFFICE OF THOMAS K. MOORE*
**Attorneys for Defendant/Third-Party Plaintiff**

**COMBINED ENERGY SERVICES, INC.**

701 Westchester Avenue, Suite 101W
White Plains, New York 10604
(914) 285-8500

---