MSA8110

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ONE BEACON INSURANCE COMPANY a/s/o Applied Building
Development of New York, Inc.,

                      Plaintiff,

         -against-

COMBINED ENERGY SERVICES, INC.,

                   Defendant,
-----------------------------------------------------------------------X
COMBINED ENERGY SERVICES, INC.,

             Third-Party Plaintiff,

         -against-

SHUBACK DRYWALL and WILLIAM TRAVERS,

            Third-Party Defendants.
-----------------------------------------------------------------------X

**THIRD-PARTY ANSWER**

Index No.: 06 CV 5629

(ECF CASE)

Third-Party
Index No.:

      Third-party defendant, WILLIAM TRAVERS, by his attorneys, ARMIENTI, DeBELLIS, GUGLIELMO & RHODEN, LLP as and for a Third-Party Answer to the defendant/third-party plaintiff's Complaint, herein alleges as follows:

              **AS AND FOR A FIRST CAUSE OF ACTION**

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraphs "FIRST", "SECOND", "THIRD", "FOURTH", "FIFTH", "SIXTH", "SEVENTH", "EIGHTH", "NINTH", "TENTH", "ELEVENTH", "THIRTEENTH" and "FIFTEENTH" of the Complaint.

      2.     Denies each and every allegation contained in paragraphs "TWELFTH" and "FOURTEENTH" of the Complaint as to WILLIAM TRAVERS, and denies knowledge or

information sufficient to form a belief as to the truth of the allegations as to co-defendants.

AS AND FOR A SECOND CAUSE OF ACTION

3.      As to paragraph "SIXTEENTH", defendant repeats and reiterates each and every allegation and denial contained in paragraphs "FIRST" to "FIFTEENTH", above as though more fully set forth at length herein.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "SEVENTEENTH" of the Complaint.

AS AND FOR A THIRD CAUSE OF ACTION

5.      As to paragraph "EIGHTEENTH", defendant repeats and reiterates each and every allegation and denial contained in paragraphs "FIRST" to "SEVENTEENTH", above as though more fully set forth at length herein.

6.      Denies in the form alleged the contents of paragraph "NINETEENTH", "TWENTIETH", "TWENTY-FIRST" and "TWENTY-SECOND" of the Complaint.

7.      Denies each and every allegation contained in paragraphs "TWENTY-THIRD", "TWENTY-FOURTH", "TWENTY-FIFTH", "TWENTY-SIXTH" and "TWENTY-SEVENTH" of the Complaint.

AS AND FOR A FOURTH CAUSE OF ACTION

8.      As to paragraph "TWENTY-EIGHTH", defendant repeats and reiterates each and every allegation and denial contained in paragraphs "FIRST" to "TWENTY-SEVENTH", above as though more fully set forth at length herein.

9.     Denies each and every allegation contained in paragraph "TWENTY-NINTH" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9.     That the culpable conduct of the plaintiff including comparative negligence and assumption of risk, caused, in whole or in part, the damages claimed herein, and pursuant to CPLR Rule 1411, said damages should be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused said damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10.     The complaint herein fails to state a cause of action upon which relief may be granted, and is thus fatally defective.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11.     The Court lacks jurisdiction over the person of the answering defendant as plaintiff have failed to properly serve defendant with the Summons in this matter.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12.     If, at the time of trial, any of the issues herein have finally been determined wholly or partially against the plaintiff by a tribunal, forum or court, all of competent jurisdiction, then in that event, the plaintiff will be estopped from relitigating such issue or issues.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13.     That all the dangers and risks incident to the situation mentioned in the complaint

were open, obvious and apparent and were known and assumed by plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14.     Defendants allege that the plaintiffs failed to comply with the requirements under CPLR Section 306-b.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

15.     Plaintiff failed to take any or sufficient action, or such action as was necessary, to mitigate or minimize the damages alleged or the conditions that allegedly gave rise to those purported injuries or damages.

### AS AND FOR A CROSS-CLAIM AGAINST SHUBACK DRYWALL

16.     That although WILLIAM TRAVERS has denied the allegation of plaintiffs with respect to any wrongdoing on the part of said defendant, nevertheless, in the event that there is a verdict or judgment in favor of the plaintiffs as against WILLIAM TRAVERS then, and in that event, said defendant demands judgment over and against co-defendant, by reason of its wrongful conduct being primary and/or active while any wrongdoing of WILLIAM TRAVERS, if any, was secondary and/or passive and the indemnity is to be full and complete.

### AS AND FOR A COUNTER-CLAIM AGAINST COMBINED ENERGY SERVICES

17.     That if the plaintiff sustained the property damages in the manner and at the time and place alleged herein, said damages resulted from the culpable conduct of COMBINED

ENERGY SERVICES.  That by reason of the foregoing, COMBINED ENERGY SERVICES will be liable to the answering defendants in the amount of any recovery by any party as against the answering defendant.

WHEREFORE, defendant, WILLIAM TRAVERS, demands:

1.     Judgment dismissing the Complaint;

2.     In the event that the Complaint is not dismissed, then full indemnity with respect to the cross-claim and counter-claim;

3.     In the event that full indemnity is not granted, then contribution pursuant to second cross-claim and counter-claim in accordance with degrees of wrongdoing;

4.     Together with the costs and disbursements of this action.

Dated: New York, New York
       July 7, 2008

                                        YOURS, etc.


                                        _____\s_____
                                        MICHAEL ARMIENTI (9401)

                                        ARMIENTI, DeBELLIS,
                                        GUGLIELMO & RHODEN, LLP
                                        Attorneys for Third-Party Defendant
                                        WILLIAM TRAVERS
                                        44 Wall Street, 18th Floor
                                        New York, New York  10005-2401
                                        (212) 809-7074

TO:    Law Office of Thomas K. Moore
        Attorneys for Defendant/Third-Party Plaintiff
        COMBINED ENERGY SERVICES, INC.
        701 Westchester Avenue-Suite 101W
        White Plains, New York 10604

        Shuback Drywall
        Third-Party Defendant
        440 Black Meadow Road
        Chester, New York 10918

        Sheps Law Group
        Attorneys for Plaintiff
        35 Pinelawn Road-Suite 106E
        Melville, New York 11747
        (631) 249-5600

## ATTORNEY VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

Deponent is MICHAEL ARMIENTI, of ARMIENTI, DeBELLIS, GUGLIELMO & RHODEN, LLP, the attorneys of record for WILLIAM TRAVERS, third-party defendant in the within action.  Deponent has read the foregoing THIRD-PARTY ANSWER and contents thereof. The same is true to deponent's own knowledge, except as to the matters herein stated to be alleged on information and belief; and as to those matters deponent believes them to be true.  This verification is made by deponent and not by said defendant because the defendant, upon information and belief:

[   ]     is a foreign corporation or
[   ]     is a corporation, none of whose offices are within the county where your deponent maintains their office.
[   ]     is a partnership, none of the partners being in the county where your deponent maintains their office.
[X ]     is an individual not residing in the county where your deponent maintained their office.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
         July 7, 2008

                          _____\s_____
                          MICHAEL ARMIENTI

## CERTIFICATE OF MAILING

I hereby certify that a copy of the foregiong Answer was mailed by first class postage prepared this 9th day of July, 2008 to all counsel of record as indicate on the service list below.

Law Office of Thomas K. Moore
Attorneys for Defendant/Third-Party Plaintiff
COMBINED ENERGY SERVICES, INC.
701 Westchester Avenue-Suite 101W
White Plains, New York 10604

Shuback Drywall
Third-Party Defendant
440 Black Meadow Road
Chester, New York 10918

Sheps Law Group
Attorneys for Plaintiff
35 Pinelawn Road-Suite 106E
Melville, New York 11747
(631) 249-5600

_____\s_____
**MICHAEL ARMIENTI**