UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ONE BEACON INSURANCE COMPANY a/s/o Applied Building Development of New York, Inc.,

Plaintiff,

-against-

COMBINED ENERGY SERVICES, INC.,

Defendant.

---------------------------------------------------------------X

COMBINED ENERGY SERVICES, INC.,

Third-Party Plaintiff,

-against-

SHUBACK DRYWALL and WILLIAM TRAVERS,

Third-Party Defendants.

---------------------------------------------------------------X

Docket No.: 06 CV 5629

**THIRD PARTY**
**VERIFIED ANSWER**

Third-Party Defendant, SHUBACK DRYWALL, by and through his attorneys, LAW OFFICES OF DONALD L. FRUM, hereby answer the complaint as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "FIRST," "SECOND," "THIRD," "FOURTH," "FIFTH," "SIXTH," "SEVENTH," "EIGHTH," "NINTH," and "TENTH" of the complaint.

2. Denies the allegations contained in paragraphs numbered "ELEVENTH," "TWELFTH," "THIRTEENTH," "FOURTEENTH," and "FIFTEENTH" of the complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

3. The Third-Party Defendant, SHUBACK DRYWALL, answering paragraph numbered "SIXTEENTH", repeats and reiterates the answer to each and every allegation contained in paragraphs "FIRST" through "FIFTEENTH," inclusive as if set forth at length herein.

4. Denies the allegations contained in paragraphs numbered "SEVENTEENTH" of the complaint.

**AS AND FOR A THIRD CAUSE OF ACTION**

5. The Third-Party Defendant, SHUBACK DRYWALL, answering paragraph numbered "EIGHTEENTH" repeats and reiterates the answer to each and every allegation contained in paragraphs "FIRST" through "SEVENTEENTH" inclusive as if set forth at length herein.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "NINETEENTH," "TWENTIETH," "TWENTY-FIRST," "TWENTY-SECOND," "TWENTY-THIRD," "TWENTY-FOURTH," "TWENTY-FIFTH," "TWENTY-SIXTH," and "TWENTY-SEVENTH" of the complaint.

**AS AND FOR A FOURTH CAUSE OF ACTION**

7. The Third-Party Defendant, SHUBACK DRYWALL answering paragraph numbered "TWENTY-EIGHTH", repeats and reiterates the answer to each and every allegation contained in paragraphs "FIRST" through "TWENTY-SEVENTH" inclusive as if set forth at length herein.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "TWENTY-NINTH" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

9. Pursuant to CPLR 4545 (c), any award to the Plaintiff(s) for economic loss shall be reduced by the amount of economic recovery received from collateral sources.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

10. The occurrence complained of was caused in whole or in part by the culpable conduct attributed to the Plaintiff(s), their agents, servants and/or employees and that by reason thereof the amount of damages recoverable, if any, shall be diminished in whole or in part by that portion of which the culpable conduct attributed to the Plaintiff(s) bears to the alleged conduct of the defendant which allegedly caused the damages.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

11. The allegations set forth within the complaint fail to state a cause of action upon which relief may be granted.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

12. Plaintiff(s) failed to take all necessary and proper steps available to mitigate its damages.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

13. The limited liability provision of Article 16 of the CPLR are applicable.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

14. The court lacks personal jurisdiction over the answering Third-Party Defendant.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

15. The within cause of action is barred the Statute of Limitations in that said action was not commenced within the applicable statute of limitations period.

**AS AND FOR A CROSS-CLAIM AGAINST THE CO-THIRD-PARTY DEFENDANT, WILLIAM TRAVERS**

16. It is respectfully alleged that if the plaintiffs were caused to sustain damages at the time and place set forth in the plaintiffs' complaint through any carelessness, recklessness and/or negligence other than the plaintiffs' own negligence, carelessness and recklessness, said damages were sustained by reason of the primary carelessness, reckless and negligence and/or affirmative acts of omission and commission, of the CO-THIRD-PARTY DEFENDANT, WILLIAM TRAVERS, individually and/or his agents, servants and/or employees, with the negligence, if any, on the part of this answering Third-Party Defendant, SHUBACK DRYWALL, being secondary and/or derivative only.

17. That by reason of the foregoing, the CO-THIRD-PARTY DEFENDANT, WILLIAM TRAVERS, will be liable to the answering Third-Party Defendant, SHUBACK DRYWALL, in the event and in the amount of recovery herein by the plaintiff, or in such amount as the Court of Jury may direct.

**AS AND FOR A COUNTER-CLAIM AGAINST THE THIRD-PARTY PLAINTIFF, COMBINED ENERGY SERVICES, INC.**

18 It is respectfully alleged that if the plaintiff(s) were caused to sustain damages at the time and place set forth in the plaintiff(s)' complaint through any carelessness, recklessness and/or negligence other than the plaintiff(s)' own negligence, carelessness and recklessness, said damages were sustained by reason of the primary carelessness, reckless and negligence and/or affirmative acts of omission and commission, of the THIRD-PARTY PLAINTIFF, COMBINED ENERGY SERVICES, INC., individually and/or their agents, servants and/or employees, with the negligence, if any, on the part of this answering defendant(s) being secondary and/or derivative only.

That by reason of the foregoing, the THIRD-PARTY PLAINTIFF, COMBINED ENERGY SERVICES, INC., will be liable to the answering Third-Party Defendant, SHUBACK DRYWALL in the event and in the amount of recovery herein by the plaintiffs, or in such amount as the Court of Jury may direct.

***WHEREFORE***, the Third-Party Defendant, SHUBACK DRYWALL, demands a judgment dismissing the plaintiff's complaint herein, granting judgment over and against the co-third-party defendant on the cross-claim; together with the costs and disbursements of the action and for such other and further relief as to this Court may deem just and proper.

Dated: Elmsford, New York
July 14, 2008

Yours, etc.,

LAW OFFICES OF DONALD L. FRUM

By: Paul S. Zilberfein, Esq.
*Attorneys for Third-Party Defendant*
SHUBACK DRYWALL
565 Taxter Road - Suite 150,
Elmsford, NY 10523
914-347-5522

To:

Rik A. Bachman, Esq. (4625)
Law Office of Thomas K. Moore
*Attorneys for Deft/Third-Party Pltf*
COMBINED ENGERGY SVCS. INC.
701 Westchester Avenue, Suite 101W
White Plains, NY 10604
914-285-8500

Sheps Law Group
*Attorneys for Plaintiff*
35 Pinelawn Road, Suite 106E
Melville, NY 11747
631-249-5600

William Travers
Third-Party Defendant
2241 Mount Hope Road
Middletown, NY 10940

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

Docket No.: 06 CV 5629

ONE BEACON INSURANCE COMPANY a/s/o Applied Building Development of New York, Inc.,

Plaintiff,

-against-

COMBINED ENERGY SERVICES, INC.,

Defendant.
--------------------------------------------------------------------------X
COMBINED ENERGY SERVICES, INC.,

Third-Party Plaintiff,

-against-

SHUBACK DRYWALL and WILLIAM TRAVERS,

Third-Party Defendants.
--------------------------------------------------------------------------X

**DEMAND FOR VERIFIED**
**BILL OF PARTICULARS**

S I R S:

PLEASE TAKE NOTICE THAT, pursuant to Article 30 of the CPLR, the answering Third-Party Defendant, SHUBACK DRYWALL, by their attorneys, LAW OFFICES OF DONALD L. FRUM, hereby demands that plaintiff serve On the undersigned attorneys within thirty (30) days from the date of service hereof, a Verified Bill of Particulars with respect to the following matters:

1. Post office address of plaintiffs and plaintiff's subrogors.

2. The exact date and time of day of the occurrence.

3. State the location of the incident in sufficient detail to permit identification.

4. A statement of the acts or omissions of the answering defendant(s) constituting the negligence claimed. If multiple defendants, state **separately,** the acts or omissions constituting the negligence of each defendant.

5. State the manner in which the plaintiff claims, or will claim, the incident occurred.

6. Detail the total amounts, if any, claimed as damages by reasons of: (a) fire damage; (b) business interruption; (c) lost income; (d) lost future income; and (e) contents. Detail the method of calculation of the above damages claimed.

7. Give the dates, if any, claimed for business interruption as a result of the incident.

8. Describe in detail: (a) each individual item of property claimed to be damaged or destroyed; (b) each item claimed to be repaired; (c) each item claimed to be replaced; (d) the exact nature of the damage claimed to each item; (e) the estimated cost of repair of each item claimed to be damaged; (f) the actual cost of repair of each item repaired; (e) the actual cost of replacement of each item replaced; (e) identify the entity(s) who repaired and/or estimated the cost of repair of each item repaired; and (f) identify the entity(s) from which replacement items were purchased. Provide copies of any and all bills, receipts or estimates, confirming the above.

9. State the month and year that each item of property claimed to be damaged or destroyed was purchased, its cost, and its reasonable market value immediately prior to and after the alleged accident.

10. Identify the original seller of each item of property claimed to be damaged or destroyed, indicating the date of each purchase/sale and the purchase price paid for each item claimed to be damaged. Provide copies of any and all bills, receipts or estimates, confirming the above.

11. State whether the plaintiff(s) are aware of any witnesses to, or anyone who has knowledge of, the circumstances of the occurrence alleged in the complaint. In the answer to the foregoing is in the affirmative: (a) identify each such witness; and (b) set forth whether or not plaintiff(s) are in the possession of a statement of any such witness, and if so, identify from which witness the plaintiff(s) have statements.

12. State the: (a) statutes; (b) ordinances; (c) rules; and (d) regulations, specifying the particular provisions thereof, if any, which are claimed to have been violated by the answering third-party defendant.

13. If it is claimed that the limited liability provisions of CPLR § 1601 do not apply, specify which exception in CPLR § 1602 plaintiff relies upon and separately state this for each defendant.

Dated: Elmsford, New York
July 14, 2008

Yours, etc.,

LAW OFFICES OF DONALD L. FRUM

By: Paul S. Zilberfein, Esq.
*Attorneys for Third-Party Defendant*
SHUBACK DRYWALL
565 Taxter Road - Suite 150,
Elmsford, NY 10523
914-347-5522

To:

Rik A. Bachman, Esq. (4625)
Law Office of Thomas K. Moore
*Attorneys for Deft/Third-Party Pltf*
COMBINED ENGERGY SVCS. INC.
701 Westchester Avenue, Suite 101W
White Plains, NY 10604
914-285-8500

Sheps Law Group
*Attorneys for Plaintiff*
35 Pinelawn Road, Suite 106E
Melville, NY 11747
631-249-5600

William Travers
Third-Party Defendant
2241 Mount Hope Road
Middletown, NY 10940

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

ONE BEACON INSURANCE COMPANY a/s/o Applied Building Development of New York, Inc.,

Plaintiff,

-against-

COMBINED ENERGY SERVICES, INC.,

Defendant

----------------------------------------------------------------X

COMBINED ENERGY SERVICES, INC.,

Third-Party Plaintiff,

-against-

SHUBACK DRYWALL and WILLIAM TRAVERS,

Third-Party Defendants.

----------------------------------------------------------------X

Docket No.: 06 CV 5629

**COMBINED DISCOVERY DEMANDS**

SIRS:

PLEASE TAKE NOTICE, that pursuant to CPLR 3101 et. seq. you are hereby demanded to serve within twenty (20) days the following information and material for discovery and inspection at the LAW OFFICES OF DONALD L. FRUM, attorneys for the Third-Party Defendant, SHUBACK DRYWALL, 565 Taxter Road - Suite 150, Elmsford, NY 10523.

A) Written authorizations permitting the undersigned to obtain the repair and replacement records of the items claimed to be damaged;

B) Written authorizations to obtain the original purchase records of the items claimed to be damaged;

## WITNESS STATEMENTS

Complete copies of all STATEMENTS taken of the defendant and a complete list of the NAMES AND ADDRESSES OF ALL WITNESSES obtained by the plaintiffs at the scene of the occurrence or through subsequent investigation who have furnished knowledge of:

a. The happening of the occurrence alleged in plaintiff's complaint;
b. Any acts or omissions constituting the negligence claimed in the complaint;
c. Condition of the items complained of before damage and after damage;
d. The repair and replacement of the items claimed to be damaged.

If no such statements exist and there are no such witnesses known, so state in reply to this demand.

## DEMAND FOR INCIDENT REPORTS

Any accident/incident reports relating to the matter to which this action refers made in the usual course of business by the plaintiffs or any agent, servant or employee of the plaintiff pursuant to Section 3101(g) the CPLR.

## DEMAND FOR PHOTOGRAPHS

Any photos, motion pictures and/or video tapes of the incident scene, the parties, the instrumentalities or the items claimed to be damaged, taken by or in the possession of the plaintiffs, its attorneys or its insurance carrier or their agents, servants and employees which pertain to the matter to which this action refers and any photos which the plaintiff(s) or their attorneys intend to utilize as an exhibit or evidence at the trial of this action.

## MISCELLANEOUS

Copies of any and all agreements and/or contracts entered into or between the parties and any deposition transcripts already executed.

## DEMAND FOR OTHER INSURANCE

A verified statement setting forth information regarding Plaintiff's business coverage insurance that would cover the loss claimed, including, the name of the insurance carrier and policy limits. Provide a copy of the declaration page of said coverage(s).

Further, it is demanded that the plaintiff(s) list and identify in a verified statement each and every collateral source including, but not limited to, insurance, setting forth the names, addresses, and policy numbers of the providers of such collateral sources as well as the amounts paid and the dates paid.

## DEMAND FOR EXPERT INFORMATION

1. The name and address of each and every person you expect to call as an expert witness at the trial of this action;
2. In reasonable detail, the subject matter on which each expert is expected to testify;
3. The substance of the facts and opinions on which each expert is expected to testify;
4. The qualification of each expert witness and;
5. A summary of the grounds for each expert's opinion.
6. Copies of photographs to be utilized by expert.

PLEASE TAKE NOTICE, that the foregoing are continuing demands; and if any of the above items are obtained or discovered after the date of this demand, they are to be immediately furnished to the undersigned pursuant to these demands.

PLEASE TAKE FURTHER NOTICE that if these demands are not complied with, an application will be made for the imposition of appropriate sanctions arid to compel compliance with this notice.

Dated: Elmsford, New York
July 14, 2008

Yours, etc.,

LAW OFFICES OF DONALD L. FRUM

By: Paul S. Zilberfein, Esq.
*Attorneys for Third-Party Defendant*
SHUBACK DRYWALL
565 Taxter Road - Suite 150,
Elmsford, NY 10523
914-347-5522

To:

Rik A. Bachman, Esq. (4625)
Law Office of Thomas K. Moore
*Attorneys for Deft/Third-Party Pltf*
COMBINED ENGERGY SVCS. INC.
701 Westchester Avenue, Suite 101W
White Plains, NY 10604
914-285-8500

Sheps Law Group
*Attorneys for Plaintiff*
35 Pinelawn Road, Suite 106E
Melville, NY 11747
631-249-5600

William Travers
Third-Party Defendant
2241 Mount Hope Road
Middletown, NY 10940

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

ONE BEACON INSURANCE COMPANY a/s/o Applied Building Development of New York, Inc.,

Plaintiff,

-against-

COMBINED ENERGY SERVICES, INC.,

Defendant.

-----------------------------------------------------------------------X

COMBINED ENERGY SERVICES, INC.,

Third-Party Plaintiff,

-against-

SHUBACK DRYWALL and WILLIAM TRAVERS,

Third-Party Defendants.

-----------------------------------------------------------------------X

Docket No.: 06 CV 5629

**NOTICE FOR EXAMINATION BEFORE TRIAL**

SIRS:

PLEASE TAKE NOTICE, that pursuant to 3107 of the CPLR, the undersigned attorneys for the Third-Party Defendant, SHUBACK DRYWALL, will take the deposition of the following parties or persons, before a Notary Public not affiliated with any of the parties or their attorneys, on all relevant and material issues raised by the pleadings in the above entitled actions, as authorized by Article 31 of the CPLR:

PERSON TO
BE EXAMINED : **ALL PARTIES**

DATE : September 19, 2008

TIME : 10:00 A.M.

PLACE : LAW OFFICES OF DONALD L. FRUM
565 Taxter Road, Suite 150
Elmsford, NY 10523

PLEASE TAKE FURTHER NOTICE, that the persons to be examined are required to produce all books, records and papers in their custody and possession that may be relevant to the issues herein.

Dated: Elmsford, New York
July 14, 2008

Yours, etc.,

LAW OFFICES OF DONALD L. FRUM

By: ______________________
Paul S. Zilberfein
*Attorneys for Third-Party Defendant*
SHUBACK DRYWALL
565 Taxter Road - Suite 150,
Elmsford, NY 10523
914-347-5522

To:

Rik A. Bachman, Esq. (4625)
Law Office of Thomas K. Moore
*Attorneys for Deft/Third-Party Pltf*
COMBINED ENGERGY SVCS. INC.
701 Westchester Avenue, Suite 101W
White Plains, NY 10604
914-285-8500

Sheps Law Group
*Attorneys for Plaintiff*
35 Pinelawn Road, Suite 106E
Melville, NY 11747
631-249-5600

William Travers
Third-Party Defendant
2241 Mount Hope Road
Middletown, NY 10940

**ATTORNEY'S VERIFICATION**

Paul S. Zilberfein, Esq., an attorney duly admitted to practice in the courts of New York State, hereby affirms under penalty of perjury and pursuant to CPLR § 2106 as follows:

Affirmant is associated with the LAW OFFICES OF DONALD L. FRUM, the attorneys of record for the Third-Party Defendant, SHUBACK DRYWALL in the within action and as such is fully familiar with the facts and circumstances heretofore had herein by virtue of the file maintained by this office.

Affirmant has read the foregoing **VERIFIED ANSWER** and the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes them to be true.

This verification is made by an attorney because the Third-Party Defendant, SHUBACK DRYWALL , is not in the same County where your affirmant's office is located.

Dated: Elmsford, New York
July 14, 2008

Paul S. Zilberfein, Esq.

***ATTORNEY AFFIRMATION OF SERVICE***

STATE OF NEW YORK )
) ss.:
COUNTY OF WESTCHESTER)

**Paul S. Zilberfein, Esq.** an attorney duly admitted to practice law in the State of New York affirms the truth of the following under penalty of perjury:

On July 15, 2008, I served a true copy of the annexed:

**THIRD PARTY VERIFIED ANSWER, DEMAND FOR VERIFIED BILL OF PARTICULARS, COMBINED DISCOVERY DEMANDS, and NOTICE FOR EXAMINATION BEFORE TRIAL**

in the following manner: By mailing in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressees as indicated below:

Rik A. Bachman, Esq. (4625)
Law Office of Thomas K. Moore
*Attorneys for Deft/Third-Party Pltf*
COMBINED ENGERGY SVCS. INC.
701 Westchester Avenue, Suite 101W
White Plains, NY 10604
914-285-8500

Sheps Law Group
*Attorneys for Plaintiff*
35 Pinelawn Road, Suite 106E
Melville, NY 11747
631-249-5600

William Travers
*Third-Party Defendant*
2241 Mount Hope Road
Middletown, NY 10940

Dated: Elmsford, New York
July 15, 2008

Paul S. Zilberfein, Esq.

*Index Number*: 06 CV 5629 *Year*: **2006**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ONE BEACON INSURANCE COMPANY a/s/o
Applied Building Development of New York, Inc.,

Plaintiff,

-against-

COMBINED ENERGY SERVICES, INC.,

Defendant.

---------------------------------------------------------------X

COMBINED ENERGY SERVICES, INC.,

Third-Party Plaintiff,

-against-

SHUBACK DRYWALL and WILLIAM TRAVERS,

Third-Party Defendants.

**VERIFIED ANSWER, DEMAND FOR BILL OF PARTICULARS, COMBINED DEMANDS FOR DISCOVERY AND INSPECTION and NOTICE FOR EXAMINATION BEFORE TRIAL**


**LAW OFFICES OF DONALD L. FRUM**
*Attorneys for Third-Party Defendant*
SHUBACK DRYWALL
**565 TAXTER ROAD - SUITE 150**
**ELMSFORD, NEW YORK 10523**
**(914) 347-5522**


To:

Rik A. Bachman, Esq. (4625)
Law Office of Thomas K. Moore
*Attorneys for Deft/Third-Party Pltf*
COMBINED ENGERGY SVCS. INC.
701 Westchester Avenue, Suite 101W
White Plains, NY 10604
914-285-8500

Sheps Law Group
*Attorneys for Plaintiff*
35 Pinelawn Road, Suite 106E
Melville, NY 11747
631-249-5600

William Travers
Third-Party Defendant
2241 Mount Hope Road
Middletown, NY 10940