MSA8110
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ONE BEACON INSURANCE COMPANY a/s/o Applied
Building Development of New York, Inc.,

                Plaintiff,

       -against-

COMBINED ENERGY SERVICES, INC.,

                Defendant,
------------------------------------------------------------------------X
COMBINED ENERGY SERVICES, INC.,

                Third-Party Plaintiff,

       -against-

SHUBACK DRYWALL and WILLIAM TRAVERS,

                Third-Party Defendants.
------------------------------------------------------------------------X

**ANSWER TO PLAINTIFF'S COMPLAINT AGAINST THIRD-PARTY DEFENDANT WILLIAM TRAVERS**

Docket No.: 06 CV 5629

(ECF CASE)

       Third-party defendant, WILLIAM TRAVERS, by his attorneys, ARMIENTI, DeBELLIS, GUGLIELMO & RHODEN, LLP as and for an Answer to the plaintiff's Complaint against third-party defendant, WILLIAM TRAVERS, herein alleges as follows:

       1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraphs "1", "2", "3" and "4" of the Complaint.

       2.    Denies each and every allegation contained in paragraphs "5", "6" and "7" of the Complaint.

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

       3.    That the culpable conduct of the plaintiff including comparative negligence and assumption of risk, caused, in whole or in part, the damages claimed herein, and pursuant to CPLR

Rule 1411, said damages should be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused said damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4. The complaint herein fails to state a cause of action upon which relief may be granted, and is thus fatally defective.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

5. The Court lacks jurisdiction over the person of the answering third-party defendant as plaintiff have failed to properly serve third-party defendant with the Summons in this matter.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

6. If, at the time of trial, any of the issues herein have finally been determined wholly or partially against the plaintiff by a tribunal, forum or court, all of competent jurisdiction, then in that event, the plaintiff will be estopped from relitigating such issue or issues.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

7. That all the dangers and risks incident to the situation mentioned in the complaint were open, obvious and apparent and were known and assumed by plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

8. Third-party defendant alleges that the plaintiff failed to comply with the requirements under CPLR Section 306-b.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10. Plaintiff failed to take any or sufficient action, or such action as was necessary, to

mitigate or minimize the damages alleged or the conditions that allegedly gave rise to those purported damages.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

11. That in the event of any judgment or verdict on behalf of the plaintiff, the answering third-party defendant is entitled to a set-off or verdict with respect to the amounts of any payments made to the plaintiff for expenses prior thereto.

### AS AND FOR A CROSS-CLAIM AGAINST SHUBACK DRYWALL

16. That although WILLIAM TRAVERS has denied the allegation of plaintiff with respect to any wrongdoing on the part of said third-party defendant, nevertheless, in the event that there is a verdict or judgment in favor of the plaintiff as against WILLIAM TRAVERS then, and in that event, said third-party defendant demands judgment over and against co-defendant, by reason of its wrongful conduct being primary and/or active while any wrongdoing of WILLIAM TRAVERS, if any, was secondary and/or passive and the indemnity is to be full and complete.

### AS AND FOR A COUNTER-CLAIM AGAINST COMBINED ENERGY SERVICES

17. That if the plaintiff sustained the property damages in the manner and at the time and place alleged herein, said damages resulted from the culpable conduct of COMBINED ENERGY SERVICES. That by reason of the foregoing, COMBINED ENERGY SERVICES will be liable to the answering third-party defendant in the amount of any recovery by any party as against the answering third-party defendant.

WHEREFORE, third-party defendant, WILLIAM TRAVERS, demands:

1. Judgment dismissing the Complaint;

2. In the event that the Complaint is not dismissed, then full indemnity with respect to the cross-claim and counter-claim;

3. In the event that full indemnity is not granted, then contribution pursuant to second cross-claim and counter-claim in accordance with degrees of wrongdoing;

4. Together with the costs and disbursements of this action.

Dated: New York, New York
       August 13, 2008

                                                    YOURS, etc.


                                                    _____\s_____
                                                    MICHAEL ARMIENTI (9401)

                                                    ARMIENTI, DeBELLIS,
                                                    GUGLIELMO & RHODEN, LLP
                                                    Attorneys for Third-Party Defendant
                                                    WILLIAM TRAVERS
                                                    44 Wall Street, 18th Floor
                                                    New York, New York  10005-2401
                                                    (212) 809-7074

TO:   Sheps Law Group
      Attorneys for Plaintiff
      35 Pinelawn Road-Suite 106E
      Melville, New York 11747
      (631) 249-5600

      Law Office of Thomas K. Moore
       Attorneys for Defendant/Third-Party Plaintiff
       COMBINED ENERGY SERVICES, INC.
       701 Westchester Avenue-Suite 101W
       White Plains, New York 10604

Law Office of Donald L. Frum
Attorneys for Third-Party Defendant
SHUBACK DRYWALL
565 Taxter Road-Suite 150
Elmsford, New York 10523

ATTORNEY VERIFICATION

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF NEW YORK      )

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

Deponent is MICHAEL ARMIENTI, of ARMIENTI, DeBELLIS, GUGLIELMO & RHODEN, LLP, the attorneys of record for WILLIAM TRAVERS, third-party defendant in the within action. Deponent has read the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT AGAINST THIRD-PARTY DEFENDANT WILLIAM TRAVERS** and contents thereof. The same is true to deponent's own knowledge, except as to the matters herein stated to be alleged on information and belief; and as to those matters deponent believes them to be true. This verification is made by deponent and not by said defendant because the defendant, upon information and belief:

- [ ]  is a foreign corporation or
- [ ]  is a corporation, none of whose offices are within the county where your deponent maintains their office.
- [ ]  is a partnership, none of the partners being in the county where your deponent maintains their office.
- [X]  is an individual not residing in the county where your deponent maintained their office.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       August 13, 2008

_____\s\_____
MICHAEL ARMIENTI

# CERTIFICATE OF MAILING

I hereby certify that a copy of the foregiong **ANSWER TO PLAINTIFF'S COMPLAINT AGAINST THIRD-PARTY DEFENDANT WILLIAM TRAVERS** was mailed by first class postage prepared this 15th day of August, 2008 to all counsel of record as indicate on the service list below.

Sheps Law Group
Attorneys for Plaintiff
35 Pinelawn Road-Suite 106E
Melville, New York 11747
(631) 249-5600

Law Office of Thomas K. Moore
Attorneys for Defendant/Third-Party Plaintiff
COMBINED ENERGY SERVICES, INC.
701 Westchester Avenue-Suite 101W
White Plains, New York 10604

Law Office of Donald L. Frum
Attorneys for Third-Party Defendant
SHUBACK DRYWALL
565 Taxter Road-Suite 150
Elmsford, New York 10523

\s\
**MICHAEL ARMIENTI**